UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-07664-RGK (DFM) | Date: | September 29, 2021 |
|---|---|---|---|
| Title | Markeisha Dixon v. M. Pallares | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On September 20, 2021, Petitioner, a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). For the reasons below, Petitioner is ordered to show cause within twenty-eight (28) days why the Petition should not be dismissed on the ground that it fails to state a cognizable claim for federal habeas relief.

In 2007, Petitioner pled guilty to first-degree felony murder and was sentenced to 25 years to life. See id. at 1. In 2019, Petitioner filed a petition for resentencing pursuant to California Senate Bill ("SB") 1437, which was denied by the Los Angeles County Superior Court. See id. at 3. The California Court of Appeal affirmed the judgment and the California Supreme Court denied review. See id. at 6-8.

SB 1437, which took effect on January 1, 2019, was enacted by the California Legislature to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." People v. Martinez, 31 Cal. App. 5th 719, 723 (2019) (internal citation and quotation marks omitted). It also eliminated accomplice liability under the natural and probable consequences doctrine for both felony murder and murder. See id.

Petitioner argues that the denial of her resentencing petition violated her right to due process and that she received ineffective assistance of counsel at the resentencing hearing. See Petition at 5, 7. Federal habeas corpus relief, however, is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). Relief is not available for errors in the interpretation or application of state law. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Thus, state sentencing issues generally are not cognizable in a federal habeas corpus action. For that reason, federal courts have held that a denial of resentencing pursuant to SB 1437 does not raise an issue cognizable in federal habeas corpus proceedings. See, e.g., Davis v. Munoz, No. 19-329, 2019 WL 2424540, at *4 (C.D. Cal. May 2, 2019) (finding that SB 1437 claim was not cognizable on federal habeas review because "whether Petitioner is entitled to [resentencing] is solely a matter of state law"); Mays v. Montgomery, No. 20-11614, 2021 WL 2229082, at *3 (C.D. Cal. Apr. 22, 2021) (same and collecting cases).

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. See Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a habeas court must give a petitioner notice of the defect(s) and an opportunity to respond to the argument for dismissal. See id.

      **Petitioner is therefore ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed for failure to state a cognizable claim for federal habeas relief. Petitioner should clearly explain how her custody violates the U.S. Constitution or the laws of the United States. Conclusory allegations of a constitutional violation will not be sufficient to warrant habeas relief.** See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). **Petitioner is warned that failure to timely respond to this Order may result in the Court dismissing this action for the reasons above and for failure to prosecute.** See Fed. R. Civ. P. 41(b).